Received in Chambers

PROB 12C
(05/17)

SEP 2 8 2017

Roger T. Benitez
U.S. District Judge

September 22, 2017
pacts id: 681121

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

AZ. No: 17-7510 MJ

**Name of Offender:** Augustine David Burgos (English)        **Dkt No.:** 14CR02837-001-BEN

**Reg. No.:** 48221-298

**Name of Sentencing Judicial Officer:** The Honorable Roger T. Benitez, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine and Heroin, a Class C Felony

**Date of Sentence:** March 23, 2015

**Sentence:** 41 months' custody; three years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** August 25, 2017

**Asst. U.S. Atty.:** Joshua C. Mellor        **Defense Counsel:** Jeremy D Warren
                                                                (Appointed)
                                                                (619) 234-4433

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)
Name of Offender: Augustine David Burgos
Docket No.: 14CR02837-001-BEN

September 22, 2017
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** The defendant shall work at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons. | 1. On September 1, 2017, Mr. Burgos was terminated from his employment with Continental Catering Inc. |
| **(Standard Condition)** Notify the probation officer ten days prior to any change of residence or employment. *(nv11)* | 2. On September 1, 2017, Mr. Burgos changed his place of employment and failed to notify the probation officer, as required. |

***Grounds for Revocation:*** As to Allegation 1 and 2, on September 18, 2017, this officer spoke with a staff member at the Continental Catering Inc., and was notified that the offender's employment was terminated as of September 1, 2017. Mr. Burgos never contacted this officer to report he was terminated from his employment. It is noted that on August 17, 2017, during his initial appointment, this officer went over the conditions of supervised release with Mr. Burgos, which he stated he understood. Specifically, that he shall notify the probation officer at least 10 days prior to any change in residence or *employment*; and if unable to do so, he report such change immediately to this officer.

| | |
|---|---|
| **(Standard Condition)** Notify the probation officer ten days prior to any change of **residence** or employment. *(nv11)* | 3. On September 12, 2017, Mr. Burgos changed his place of residence and failed to notify the probation officer, as required. |

***Grounds for Revocation:*** As to Allegation 3, on September 8, 2017, this officer spoke with a staff member at the Residential Reentry Center (RRC), located at 551 South 35th Street, San Diego, CA, 92113, and was notified that Mr. Burgos was terminated from the facility due to non-compliance, and that they believed that Mr. Burgos was under the influence of Spice. It is noted that Mr. Burgos was at the RRC on a non-punitive placement (up to 120 days) since August 25, 2017, due to his lack of appropriate housing in the community. The undersigned officer later spoke to the offender on September 11, 2017. He reported he was staying at his sister's residence in Spring Valley, California.

On September 13, 2017, after failing to appear for his scheduled office appointment, this officer contacted the offender's sister, Renee Burgos, who reported that Mr. Burgos took all his belongings and her home on September 12, 2017, and had not returned. She further indicated he had no phone. It is noted that on August 17, 2017, during his initial appointment, this officer went over the conditions of supervised release with Mr. Burgos, which he stated he understood. Specifically, that he shall notify the probation officer at least 10 days prior to any change in *residence* or employment; and if unable to do so, he report such change immediately to this officer. Mr. Burgos' whereabouts are presently unknown and he is unavailable for supervision.

PROB12(C)
Name of Offender: Augustine David Burgos September 22, 2017
Docket No.: 14CR02837-001-BEN Page 3

| (Special Condition) | |
|---|---|
| The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. | 4. On September 12, 2017, Mr. Burgos failed to report to the probation office for a scheduled appointment, as directed. |

***Grounds for Revocation:*** As to Allegation 4, on September 11, 2017, this officer spoke with Mr. Burgos, via his sister's phone, and instructed him to report in person on September 12, 2017, to discuss his removal from the RRC. Mr. Burgos agreed to report, but on September 12, 2017, he failed to so. The undersigned has not made any attempts to contact the probation officer.

### VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Burgos' adjustment to supervised release has been poor. He began his current term of supervision on August 25, 2017, after being sentenced to 41 months' custody and three years' supervised release. The offender, who was completing the remainder of his prison sentence at the RRC, was set to release from there on August 25, 2017; however, since he had not secured appropriate housing, he was instructed to remain at the RRC (non-punitive placement), pursuant to his Judgment. During this time, Mr. Burgos was employed with Continental Catering Inc. working part-time. North County Life Line set an appointment with the offender to help him secure housing. Mr. Burgos attended his scheduled appointments to set up housing; however, North County Life Line was unable to place him due to his felony conviction. North County Life Line did state that they would keep his case open for future placement in November 2017.

On August 31, 2017, this officer met with the staff at the RRC who reported that Mr. Burgos was not being compliant and refusing to complete his assigned work hours at the facility. The offender was instructed to complete his assigned hours and to contribute to the facility as asked. After Mr. Burgos was terminated from the RRC on September 8, 2017, this officer received a message from the offender stating that he was staying with his sister, Renee Burgos, at her home in Spring Valley, California. On September 11, 2017, this officer spoke with Mr. Burgos on the telephone and instructed him to report to the probation office on September 12, 2017. On September 13, 2017, this officer spoke with the offender's sister, who stated that Mr. Burgos left her home with all of his belongings and had not returned. On September 18, 2017, I attempted to locate Mr. Burgos through his employer at Continental Catering Inc.; however, I was notified that he was terminated as of September 1, 2017. At this time, it appears Mr. Burgos has absconded from supervision.

PROB12(C)
Name of Offender: Augustine David Burgos
Docket No.: 14CR02837-001-BEN

September 22, 2017
Page 4

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Burgos has no prior criminal history. He is not married and has not fathered any children. According to the presentence report, Mr. Burgos began using marijuana and methamphetamine when he was 13. He also has used cocaine in the past. While serving his term of custody with the Bureau of Prisons, he was expelled from the RDAP program; however, he took advantage of several other programming opportunities. He obtained his GED, became certified in forklift operation, and attended budget classes and relapse prevention courses. While housed at the RRC, Mr. Burgos submitted all negative drug tests.

The offender reported that he is in a long distance relationship with a female, Destine Cecilia Macie Cheno, who resides in Tucson, Arizona. A records check revealed that Ms. Cheno has a federal conviction for manufacturing/distributing drugs in the U.S. District Court of Arizona in 2016, where she received 90 days custody.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (Changed his place of residence and employment and failed to report to the Probation Officer) constitutes Grade C violations USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an imprisonment range of 3 to 9 months. USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

PROB12(C)
Name of Offender: Augustine David Burgos
Docket No.: 14CR02837-001-BEN

September 22, 2017
Page 5

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Burgos' whereabouts are unknown. The probation officer made several attempts to locate him, to no avail. A warrant is recommended to ensure the offender's appearance before your honor so he can answer to the alleged violations.

## RECOMMENDATION/JUSTIFICATION

Mr. Burgos' non-compliant behavior so soon after commencing supervised release is a concern. His whereabouts are presently unknown. Several attempts to contact the offender have been unsuccessful and every resource has been exhausted in order to locate him. It would appear that Mr. Burgos has willfully made himself unavailable for community supervision, given he was well aware of his duty to report to this officer as directed.

Should Your Honor sustain the above allegations, it is respectfully recommended that the offender's term of supervision be revoked and he be sentenced to three months' custody, to be followed by 33 months' supervised release, under the same previously imposed special conditions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 22, 2017

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Craig P. Boudy
U.S. Probation Officer
(619) 557-5763

Reviewed and approved:

_____
Lori A. Faubel
Supervising U.S. Probation Officer

PROB12CW                                                                         September 22, 2017

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Burgos, Augustine David

2. **Docket No. (Year-Sequence-Defendant No.):** 14CR02837-001-BEN

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to work at a lawful occupation | C |
| Changed his employment without notifying the PO | C |
| Changed his address without notifying the PO | C |
| Failed to Report to Probation Officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))           [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                 [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))            [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | $25 balance | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)
Name of Offender: Augustine David Burgos
Docket No.: 14CR02837-001-BEN

September 22, 2017
Page 7

## THE COURT ORDERS:

☑ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

☐ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

☐ Other _____

_____
The Honorable Roger T. Benitez
U.S. District Judge

10/04/2017
Date

AO 442

# United States District Court
SOUTHERN DISTRICT OF CALIFORNIA

48221-298

| UNITED STATES OF AMERICA | WARRANT FOR ARREST |
|---|---|
| V. | |
| Augustine David Burgos | Case Number: 14cr02837-BEN |

**NOT FOR PUBLIC VIEW**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest     Augustine David Burgos
                                                                                    Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment   ☐ Information   ☐ Complaint   ☐ Order of Court   ☐ Violation Notice   ☒ Probation Violation Petition
                                                                                                                                    ☐ Pretrial Violation

charging him or her with (brief description of offense):

In violation of Title    See Above    United States Code, Section(s) _____

| John Morrill | Clerk of the Court |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| s/ J. Mueller | 10/05/2017 at San Diego, California |
| Signature of Deputy | Date and Location |
| Bail fixed at $  No Bail | by    The Honorable Roger T. Benitez |
| | Name of Judicial Officer |

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at_____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

